ACCEPTED
04-15-00477-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/4/2015 4:15:35 PM
KEITH HOTTLE
CLERK

**04-15-00477-CV**

| | |
|---|---|
| **DAVID S. SAB** | **IN THE FOURTH** |
| **Appelant** | |
| | |
| **V.** | **COURT OF APPEALS** |
| | |
| **KATHRYN LYNN HAWKINS-SAB** | **SITTING IN SAN ANTONIO** |
| **Appellee** | |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/4/2015 4:15:35 PM
KEITH E. HOTTLE
Clerk

**APPELLEE'S RULE 45 MOTION TO DISMISS APPEAL**

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

COMES NOW APPELLEE KATHRYN LYNN HAWKINS, FKA KATHRYN LYNN HAWKINS-SAB, and pursuant to Rule 45 of the Texas Rules of Appellate Procedure, files this Appellee's Rule 45 Motion to Dismiss Appeal. In connection with this instrument, Appellee would represent to the Court as follows:

**I.**
**PROCEDURAL HISTORY**

On or about April 15, 2015, the trial court entered its Decree of Divorce as a post-appearance default when Appellant David S. Sab knowingly failed to appear at the noticed trial date. Such intentional failure to appear was noted on April 15, 2015. On April 27, 2015, Appellant filed Respondent's Motion for Rehearing, Motion for New Trial, and to Set Aside Judgment and Alternatively, Modification of Judgment. On June 3, 2015, the Court considered and denied Respondent's Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment, again confirming Appellant's failure to appear on April 15, 2015 was no accident or mistake. On June 11, 2015, the Court entered its written order denying Respondent's Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment. On July 9, 2015, Appellant

began the appellate process by filing his Notice of Appeal in the trial court. However, Appellant did not designate the portion of the trial court record or the reporter's record to be prepared for the appeal. Appellant did not request an estimate of the cost of the records and instead filed his Affidavit of Indigent Status. Appellant did not file a motion for a free appellate record. On July 24, 2015, the trial court considered the Affidavit of Indigent Status of David S. Sab and found Appellant was not indigent and not entitled to a free clerk's record or reporter's record on appeal. On August 3, 2015, Appellant filed his Motion for Extension of Time to File Appeal of Indigency by the trial court. Appellee agreed to Appellant's request for a five (5) day extension for Appellant to file his appeal of the indigency ruling by the trial court. On August 10, 2015, Appellant filed his second Motion for Extension of Time to File Appeal of Indigency by the Trial Court. While Appellee was never asked to agree to the second five (5) day extension, Appellant pled that Appellee "has not agreed" to the extension. As Appellant failed to provide counsel for Appellee a true and correct copy of the motion and as the Fourth Court of Appeals website did not have the motion on file until recently, Appellee has just learned Appellant filed a second Motion to Extend Time on August 10, 2015, again asking for a five (5) day extension so Appellant could apparently present some new evidence to the trial court, essentially requesting a hearing on another motion for new trial. On August 13, 2015, Appellant filed his intentionally deficient, docketing statement, Motion to Contest Trial Courts Ruling and a copy of a motion to the trial court. (Appellee has now received an e-mail from Respondent suggesting he filed an additional motion on August 13, 2015 which is not available on the website of the Fourth Court of Appeals. Appellee is out of state and unable to confirm the accuracy of Appellant's e-mail.) On August 14, 2015, Appellant filed in the appellate court a "Motion for courts ruling" requesting "some kind of judicial intervention." On August 19, 2015, Appellant untimely filed a

mistitled "Notice of Appeal on District courts ruling." On August 20, 2015, Appellant filed his Motion to be Heard. On August 21, 2015, Appellee filed her Notice of Appellate Deficiencies. On August 25, 2015, Appellee filed her Response to Appellant's 'Motion to be Heard.' On August 26, 2015, Appellant filed his "Response to motion of deficiencies by Appellant."

## II.
## ARGUMENT

Appellee presents her argument pursuant to Rule 45 of the Texas Rules of Appellate Procedure. The requisites of Rule 45 have been explained in some detail in *Owen v. Jim Allee Imps.*, 380 S.W.3d 276 (Tex. App. - - Dallas 2012, no pet.). "An appeal is frivolously when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." As explained in *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex.App. - - Dallas 2011, no pet.), "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." Appellant has no reasonable grounds to believe the case can be reserved and Appellant is pursuing his appeal in bad faith.

A. Having reviewed the filings of Appellant, Appellant has responded to the noted appellate deficiencies called to his attention with the characteristic misdirection argument. In simple terms, when Appellant has no response to a question, proposition or argument, Appellant continues with his true argument - - Appellant wants the Fourth Court of Appeals to conduct a trial *de novo* with his own misapplied clear and convincing evidence burden upon Appellee without considering the trial court record.

Appellant has not denied and cannot deny:

1. Appellant has not identified, requested or paid for a record to pursue his appeal;

2. Appellant is refusing to comply with Rules 9.1 and 9.5 of the Texas Rules of Appellate Procedure. Rather, Appellant wants to pursue an appeal "by ambush" in his continued filing of documents in the trial court and appellate court without furnishing Appellee a true and correct copy of the pleadings and properly certifying to the same;

3. Appellant is pursing his appeal with unclean hands. As he pursues the appeal "to locate assets," Appellant is concealing his whereabouts, employment and assets awarded to Appellee. From his clandestine residence and workplace, Appellant refuses to properly complete the Docketing Statement.

4. While he has mislabeled different documents as a notice of appeal of the trial court denying his indigency status, Appellant has failed to file a true notice of appeal of the trial court's finding Appellant was not indigent and not entitled to a free record on appeal. What was filed with the court via a plea for a trial *de novo* on that particular issue, Appellant failed to address the true indigency issue highlighted by the trial court. Indigency is not defined by what Appellant does not possess. Rather, indigency is defined by what assets are found to be in Appellant's possession when an appeal is prosecuted. Appellant again seeks to lead the appellate court down a trial *de novo* rabbit trail instead of discussing the issues that were presented to the trial court - - including a total failure (after notice to correct the deficiency) to designate the record for appeal and a failure to inquire of the cost of the appellate record.

5. Appellant continues to make inappropriate arguments outside of the true record on appeal.

A. Appellant obviously wishes to conceal the true record so Appellant can make statements he expects the appellate court to blindly accept. Appellant suggests in his August 26, 2015 pleading "the facts as stated in the record indicate . . ." different things that are contrary to the record. In fact, in his recent "Motion to be heard" requesting injunctive and other relief,

Appellant has even refused to attach true and correct copies of motions allegedly filed in the trial court. Appellee has no copies of anything filed in the trial court that coincides with Appellant's arguments.

B. Appellant has no intention of complying with the rules of civil procedure or rules of appellate procedure. Such an acquiescence by Appellant warrants the dismissal of the appeal. However, Appellant's pleadings demonstrate his appeal is frivolous.

1. Appellant's "Motion to be heard" indicates Appellant "is only attempting to secure assets to operate in the normal course of business per rule." With Appellee having provided the Fourth Court of Appeals a copy of the Decree of Divorce, Appellant's meritless position is clear. Appellant wants to enforce the Decree of Divorce against Appellee without being forced to comply with the Decree of Divorce by delivering Appellee's assets to Appellee. To reach his goal, Appellant continues repeating his failed arguments to the trial court. Appellant suggests "the record identifies" different things, but such statement is a mischaracterization of what was presented to the trial court. When confronted with facts in the trial court, Appellant's arguments were denied with appropriate findings of fact and conclusions of law. Appellant is truly seeking an enforcement order from the trial court and the same is available via the Texas Family Code, not via an appeal to the Fourth Court of Appeals. While the trial court has essentially maintained the status quo, Appellant has not shown he properly filed any appropriate appellate requests in the trial court and followed the pleadings with a request for a hearing with the family law coordinator. Appellant is making frivolous arguments while concealing the deficiencies in the trial court. Conversely, without showing Appellant has taken the appropriate steps in the trial court to preserve *any* error, Appellant is frivolously seeking appellate relief.

2.   Similarly, Appellant's "Response to motion of deficiencies by Appellant" filed on August 26, 2015 also confirms the appeal in this cause is frivolous.   While refusing to secure the trial court record, Appellant asserts "The facts as stated in the trial court indicate . . .."  Appellant suggests with no record to support the arguments that the parties and the trial court did, said and believed different things.  Appellant continues "the trial courts record and the motions filed in the trial court and now this court . . . prove" attorney Duarte believes different things that are only relevant to a motion for clarification or enforcement before the trial court.  What Appellant truly seeks must be heard by the trial court, not an appellate court.  "Appellee objective is searching for 239,000 in assets awarded to him by the trial court *nothing more*."   Sadly, Appellant appealed and effectively froze his trial court rights.   Dismissal of this appeal is appropriate so both parties may move forward to enforce the decree that was properly entered.

### III.
### CONCLUSION

While concealing himself, his employment, his residence and the assets awarded to Appellee, Appellant has frivolously filed a notice of appeal.   Appellant wants assets he claims are being concealed from him while Appellant refuses to deliver assets to Appelle.   Appellant has not preserved any error, concedes there are no trial court errors and seeks to enforce the decree of divorce solely as it applies to Appellant.   Appellant has not obtained any cost estimate for the appellate record, has not designated a record and has not pursued the indigency issue per the Texas Rules of Appellate Procedure.   Appellant has missed all scheduled deadlines when Appellant truly needs to be pursuing trial court remedies if he feels entitled to the same.   By the pleadings filed in the Fourth Court of Appeals, Appellant concedes the arguments made by Appellee and frivolously seeks a trial de novo.   The appeal should be dismissed and costs

awarded to Appellee as permitted by Rule 45 of the Texas Rules of Appellate Procedure.

**IV.**
**PRAYER**

Appellee prays the Fourth Court of Appeals dismisses this action so the trial court may

address the enforcement issues may applicable to the Decree of Divorce.

Respectfully submitted

Demetrio Duarte, Jr. & Associates, P.C.
2200 Warner
San Antonio, Texas 78201
210-737-6676
Fax:  210-733-6181

ATTORNEYS FOR APPELLEE


 /S/ Demetrio Duarte, Jr.
Demetrio Duarte, Jr.
State Bar No. 061441225
dduarte@duartelawfirm.com


**CERTIFICATE OF SERVICE**

The undersigned certifies a copy of this instrument was forwarded to Appellant on this 4th day September, 2015 pursuant to the Texas Rules of Appellate Procedure via e-mail at davidsab1801@icloud.com.


 /S/ Demetrio Duarte, Jr.
Demetrio Duarte, Jr.